IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS MATURIN,

      Plaintiff,

v.                                       No. 1:25-cv-00444-MIS-LF

MICHELLE LUJAN GRISHAM,
in her official capacity,
TIM KELLER, in his official capacity,
HAROLD MEDINA, in his official capacity,
MIGUEL AGUILAR, in his official capacity, and
CITY OF ALBUQUERQUE,

      Defendants.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, ORDER TO SHOW CAUSE AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Verified Complaint for Declaratory Relief, Temporary Restraining Order, Preliminary and Permanent Injunctive Relief, and Damages for Constitutional Violations arising from Unlawful Domestic Military Deployment Under Color of State Authority, ECF No. 1, filed May 9, 2025 ("Complaint"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 4, filed May 9, 2025 ("Application"), and Plaintiff's Emergency Motion for Temporary Restraining Order, ECF No. 2, filed May 9, 2025 ("Motion").

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and states he has no income.

**Order to Show Cause**

Plaintiff alleges that New Mexico National Guard members, including trained drone operators, are scheduled to be deployed in Albuquerque on the "'Central Corridor'—a majority-minority, economically disenfranchised sector of Albuquerque—without city council approval, without judicial findings, and without any formal declaration of riot, insurrection or civil rebellion." Compl. at 1-2. Defendants are: (i) Michelle Lujan Grisham, Governor of New Mexico, who authorized the deployment; (ii) Tim Keller, Mayor of Albuquerque, who is a coordinating official for the deployment; (iii) Harold Medina, Chief of Albuquerque Police Department, who requested National Guard support; (iv) Miguel Agular, who is the Adjutant General of the New Mexico National Guard and operation lead for the deployment; and (v) the City of Albuquerque,

the entity responsible for executing law enforcement and civil administration within the jurisdiction of the deployment. *See id.* at 3. Plaintiff seeks a temporary restraining order, a preliminary injunction, permanent injunctive relief and damages for constitutional violations arising from the deployment of New Mexico National Guard troops.

The Complaint fails to state claims upon which relief can be granted for the reasons discussed below.

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). We must draw on our experience and common sense in evaluating the plausibility of a claim. *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. The degree of specificity needed to establish plausibility and provide fair notice depends on the context and the type of case. *Id.*; *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted).

The Complaint fails to state a claim under the First Amendment. Plaintiff asserts "[d]eployment of military forces in surveillant and enforcement-adjacent roles has a documented chilling effect on speech, protest, and assembly—particularly in historically over-policed communities." Compl. at 3-4. The Complaint does not allege sufficient facts explaining how the

deployment will harm Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The Complaint also fails to state a claim under the Fourth Amendment. Plaintiff asserts "[w]arrantless aerial surveillance and perimeter enforcement by non-certified, non-sworn military actors constitutes an unreasonable search and seizure." Compl. at 4.

> "[T]he use of video equipment and cameras to record activity visible to the naked eye does not ordinarily violate the Fourth Amendment." *Id.* at 1280-1281 (citing *Dow Chem. Co. v. United States*, 476 U.S. 227, 106 S.Ct. 1819, 90 L.Ed.2d 226 (1986); *California v. Ciraolo*, 476 U.S. 207, 213, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986)). Not only that, but "activity a person knowingly exposes to the public is not a subject of Fourth Amendment protection, and thus, is not constitutionally protected from observation." *Id.* at 1281 (citing *Katz v. United States*, 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)).

*United States v. Cantu*, 684 F. App'x 703, 704-705 (10th Cir. 2017). The Complaint does not allege sufficient facts showing that Plaintiff will be subject to an unreasonable search or seizure.

The Complaint also fails to state a procedural due process claim under the Fifth and Fourteenth Amendments.[1] Plaintiff asserts "[n]o notice was issued. No hearing was held. No legislative vote occurred. This is executive action undertaken in the constitutional dark." Compl.

---

[1] Defendants are not federal actors.

> There are two constitutional sources of due process rights, the Fifth Amendment and the Fourteenth Amendment. Plaintiffs pursuing procedural due process claims based on actions by the federal government must proceed under the Fifth Amendment, while plaintiffs bringing such claims based on actions by state governments must proceed under the Fourteenth Amendment.

*Doe v. University of Denver*, 952 F.3d 1182, 1187 (10th Cir. 2020).

at 4. Plaintiff does not describe the protected property or liberty interests that require due process before deployment or the process due. *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (10th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?").

The Complaint also fails to state an equal protection claim under the Fourteenth amendment. Plaintiff asserts "[d]eployment focused exclusively on a racialized, economically distressed corridor without race-neutral data or citywide parity." Compl. at 4.

> The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It is "essentially a direction that all persons similarly situated should be treated alike," *A.M. ex rel. F.M. v. Holmes*, 830 F.3d 1123, 1166 (10th Cir. 2016) (internal quotation marks omitted), and is intended "to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents," *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam) (internal quotation marks omitted). An equal protection claim may be asserted with respect to a group or a "class of one." *Holmes*, 830 F.3d at 1166.
>
> A plaintiff who "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" states a claim for violation of her right to equal protection. *Olech*, 528 U.S. at 564, 120 S.Ct. 1073.

*A.N. ex rel. Ponder v. Syling*, 928 F.3 1191, 1196 (10th Cir. 2019); *see also Burke v. New Mexico*, 696 F. App'x 325, 330 (10th Cir. 2017) ("To state a plausible § 1983 equal-protection claim, a plaintiff must allege facts indicating how each defendant was personally responsible for treating her 'differently from others similarly situated.'") (quoting *Village of Willowbrook*, 528 U.S. at 564). Plaintiff has not alleged facts showing that there is no rational basis for the deployment.

The Complaint also fails to state a claim pursuant to 18 U.S.C. § 1385 which provides:

5

> Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army, the Navy, the Marine Corps, the Air Force, or the Space Force as a posse comitatus or otherwise to execute the laws shall be fined under this title or imprisoned not more than two years, or both.

18 U.S.C. § 1385. Section 1385 is a criminal statute. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Furthermore, Plaintiff has not shown that 18 U.S.C. § 1385 applies to the New Mexico National Guard in this case. *See United States v. Hutchings*, 127 F.3d 1255, 1258 (10th Cir. 1997) ("until a Guardsman receives orders [by an official acting under a grant of statutory authority from Congress] directing him into federal service, he is a state serviceman, and not part of the federal Army").

The Complaint also fails to state a claim for monetary damages against New Mexico Governor Michelle Lujan Grisham and Miguel Aguilar, Adjutant General of the New Mexico National Guard. Plaintiff asserts claims for monetary damages against Defendants Lujan Grisham and Aguilar in their official capacities.

> The Eleventh Amendment ordinarily grants a state immunity from suits brought in federal court by its own citizens or those of another state. *Chamber of Commerce of U.S. v. Edmondson,* 594 F.3d 742, 760 (10th Cir.2010). The immunity extends to arms of the state and to state officials who are sued for damages in their official capacity. *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013). But sovereign immunity does not prevent suit: "(1) when Congress has abrogated the states' immunity, as in legislation enacted to enforce the Fourteenth Amendment; [or] (2) when a state waives its immunity." *Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety,* 722 F.3d 1209, 1212 (10th Cir.2013).

*Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, 561 F. App'x 661, 665 (10th Cir. 2014). "It is well established that arms of the state, or state officials acting in their official capacities, are not "persons" within the meaning of § 1983 and therefore are immune from § 1983 damages suits."

*Hull v. New Mexico Tax'n and Revenue Dep't's Motor Vehicle Div.*, 179 F. App'x 445, 446 (10th Cir. 2006) (citing *Howlett v. Rose,* 496 U.S. 356, 365, (1990); *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989)). Plaintiff has not alleged facts showing that the State of New Mexico waived its immunity or that Congress has abrogated the State's immunity.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint. The amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See*, *e.g.*, Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

**Order Denying Motion for Temporary Restraining Order**

Plaintiff seeks a temporary restraining order "halting the deployment and operational assignments of the National Guard personnel into law enforcement-adjacent functions in the City of Albuquerque." Mot. at 2. Plaintiff has not shown that he is entitled to injunctive relief. "When addressing a motion for temporary restraining order, the court applies the same standard as it applies to a motion for preliminary injunction." Miller v. Austin, 622 F. Supp. 3d 1105, 1109-10 (D. Wyo. 2022).

> Because a preliminary injunction is an "extraordinary remedy never awarded as of right," *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008), the movant must make a "clear and unequivocal" showing it is entitled to such relief, *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)). To obtain a preliminary injunction, the movant must show (1) it "is substantially likely to succeed on the merits," (2) it "will suffer irreparable injury if the injunction is denied," (3) its "threatened injury outweighs the injury the opposing party will suffer under the injunction," and (4) "the injunction would not be adverse to the public interest." *New Mexico Dep't of Game & Fish*, 854 F.3d at 1246 (quoting *Fish*, 840 F.3d at 723).

*Colorado v. U.S. Env't Prot. Agency*, 989 F.3d 874, 883-84 (10th Cir. 2021).

> [T]he requirements for obtaining a permanent injunction are "remarkably similar" to those for obtaining a preliminary injunction. *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007). Indeed, the same four elements apply to both types of injunctive relief, and "[t]he only measurable difference between the two is that a permanent injunction requires showing *actual success* on the merits, whereas a preliminary injunction requires showing a *substantial likelihood of success* on the merits." *Id.* (emphases added).

*Ute Indian Tribe of the Uintah and Ouray Rsrv. v. Lawrence*, 22 F.4th 892, 908 (10th Cir. 2022).

The Court denies Plaintiff's Motion for a temporary restraining order because the Complaint fails to state claims for constitutional violations and the Motion for a temporary restraining order does not address the four elements that apply to injunctive relief. Furthermore, "[t]he Court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The Motion does not provide sufficient information for the Court to determine the proper amount of security to pay damages sustained by any of the Defendants as a result of being wrongfully enjoined or restrained.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause and file an amended complaint. The Court will address service after this Order to Show Cause is resolved.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 4, filed May 9, 2025, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(iii) Plaintiff's Emergency Motion for Temporary Restraining Order, ECF No. 2, filed May 9, 2025, is **DENIED.**

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE